IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| TRILLIUM THERAPEUTICS INC., LUKE | : **SECURITIES EXCHANGE ACT OF 1934** |
| BESHAR, MICHAEL KAMARCK, | : |
| CATHERINE MACKEY, SCOTT MYERS, | : |
| PAOLO PUCCI, JAN SKVARKA, HELEN | : |
| TAYTON-MARTIN, and PAUL WALKER, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On August 23, 2021, Trillium Therapeutics Inc. ("Trillium" or the "Company") entered into an arrangement agreement (the "Merger Agreement") with Pfizer Inc. ("Pfizer") and PF Argentum Acquisition ULC ("Purchaser") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Trillium's stockholders will receive $18.50 in cash per share.

3. On September 27, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of Trillium common stock.

9. Defendant Trillium is a corporation existing under the laws of the Province of British Columbia. Trillium common stock is traded on the NASDAQ under the ticker symbol "TRIL."

10. Defendant Luke Beshar is a member of the Board of Directors of Trillium (the "Board").

11. Defendant Michael Kamarck is a member of the Board.

12. Defendant Catherine Mackey is a member of the Board.

13. Defendant Scott Myers is a member of the Board.

14. Defendant Paolo Pucci is a member of the Board.

15. Defendant Jan Skvarka is Chief Executive Officer and a member of the Board.

16. Defendant Helen Tayton-Martin is a member of the Board.

17. Defendant Paul Walker is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. Trillium is an immuno-oncology company developing innovative therapies for the treatment of cancer.

20. On August 20, 2021, Trillium entered into the Merger Agreement.

21. The press release announcing the Proposed Merger provides as follows:

Pfizer Inc. (NYSE: PFE) and Trillium Therapeutics Inc. (NASDAQ/TSX: TRIL) today announced that the companies have entered into a definitive agreement under which Pfizer will acquire Trillium, a clinical stage immuno-oncology company developing innovative therapies for the treatment of cancer. Under the terms of the agreement, Pfizer will acquire all outstanding shares of Trillium not already owned by Pfizer for an implied equity value of $2.26 billion, or $18.50 per share, in cash. This represents a 118% premium to the 60-day weighted average price for Trillium.

Trillium's portfolio includes biologics that are designed to enhance the ability of patients' innate immune system to detect and destroy cancer cells. Its two lead molecules, TTI-622 and TTI-621, block the signal-regulatory protein α (SIRPα)–CD47 axis, which is emerging as a key immune checkpoint in hematological malignancies. TTI-622 and TTI-621 are novel, potentially best-in-class SIRPα-Fc fusion proteins that are currently in Phase 1b/2 development across several indications, with a focus on hematological malignancies.

"Today's announcement reinforces our commitment to pursue scientific breakthroughs with the addition of potentially best-in-class molecules to our innovative pipeline," said Andy Schmeltz, Global President & General Manager, Pfizer Oncology. "The proposed acquisition of Trillium builds on our strong track record of leadership in Oncology, enhancing our hematology portfolio as we strive to improve outcomes for people living with blood cancers around the globe. Our deep experience in understanding the science of blood cancers, along with the diverse knowledge base we have developed across our growing hematology portfolio of eight approved and investigational therapies, provide us with a foundation to advance these important potential medicines to patients who need them."

3

Hematological malignancies are cancers that affect the blood, bone marrow, and lymph nodes. This classification includes various types of leukemia, multiple myeloma, and lymphoma. More than 1 million people worldwide were diagnosed with a blood cancer in 2020, representing almost 6% of all cancer diagnoses globally. In 2020, more than 700,000 people worldwide died from a form of blood cancer.

"We're delighted to announce Pfizer's proposed acquisition of Trillium. Today's announcement reflects Trillium's potentially best in class SIRPα–CD47 status and contribution to immuno-oncology," said Dr. Jan Skvarka, Chief Executive Officer of Trillium. "Trillium has the only known SIRPα–CD47 targeting molecules with clinically meaningful monotherapy responses as well as a strong basis for combination therapies, which is supported by preclinical evidence with a diverse set of therapeutic agents. With Pfizer's global reach and deep capabilities, we believe our programs will advance more quickly to the patients we've always aspired to serve. We believe this is a good outcome for patients and our shareholders."

In clinical studies to-date, TTI-622 and TTI-621 have demonstrated activity as monotherapy in relapsed or refractory lymphoid malignancies, including Diffuse Large B-cell Lymphoma (DLBCL), Peripheral T-cell lymphoma (PTCL), Follicular Lymphoma (FL), and other lymphoid malignancies. As of July 26, 2021, Phase 1 data for TTI-622 in 30 response-evaluable patients have shown deep and durable responses in heavily pretreated patients, including two complete responses (CRs), one lasting over 114 weeks, with responses ongoing. TTI-622 and TTI-621 are currently the only known CD47-targeted molecules that have demonstrated meaningful single agent activity and CRs in multiple hematological malignancies. Thus far, adverse events (AEs) reported with TTI-622 and TTI-621 have been manageable. Related Grade 3 and 4 AEs with TTI-622 were rare and limited to transient cytopenias. In particular, the molecules demonstrate minimal red blood cell binding and few reported cases of anemia, an observed risk with other CD47-targeted approaches. Further data are expected to be shared at a forthcoming medical conference.

"We are encouraged by the early clinical data for TTI-622 and TTI-621 monotherapy for patients with heavily pretreated lymphoid malignancies and early encouraging activity for TTI-622 in patients with multiple myeloma. Just as PD-1 and PD-L1 blockers have proven to be effective immuno-therapeutics for many solid tumors, the SIRPα-CD47 interaction defines a second key immune checkpoint for which disrupting agents are expected to become another important backbone immunotherapy for multiple types of cancer, especially hematological cancers," said Chris Boshoff, MD, PhD, Chief Development Officer, Oncology, Pfizer Global Product Development. "Utilizing Pfizer's leading research and global development capabilities, we plan to accelerate the clinical development of SIRPα fusion proteins as a potential new scientific breakthrough and explore combinations

within our own portfolio and with innovative next-generation medicines for hematological malignancies."

In September 2020, as part of the Pfizer Breakthrough Growth Initiative (PBGI), Pfizer invested $25 million in Trillium and Jeff Settleman, Senior Vice President and Chief Scientific Officer of Pfizer's Oncology Research & Development Group, was named to Trillium's Scientific Advisory Board. Established in June 2020, PBGI's goal is to provide funding for scientific research as well as access to Pfizer's experts to ensure the continuity of clinical programs that could be of potential strategic interest for Pfizer. Pfizer has committed to providing up to $500 million in total funding to the PBGI.

**Additional Transaction Details**

The proposed acquisition of Trillium is to be completed by way of a statutory plan of arrangement under the *Business Corporations Act* (British Columbia) and subject to customary closing conditions, including approval of 66⅔% of the votes cast by Trillium shareholders, voting together as one class, at a special meeting of Trillium and approval of 66⅔% of the votes cast by Trillium shareholders and warrant holders, voting together as one class, at a special meeting of Trillium. Completion of the acquisition is also subject to court and regulatory approval, as well as certain other closing conditions customary for transactions of this nature.

Pfizer's financial advisors for the transaction are BofA Securities, Inc., with Ropes & Gray LLP and Norton Rose Fulbright Canada LLP acting as its legal advisors. Centerview Partners LLC served as Trillium's financial advisor, while Goodwin Procter LLP and Baker McKenzie LLP (Canada) served as its legal advisors.

22.     On September 27, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

23.     The Proxy fails to disclose material information regarding Trillium's financial projections.  The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

5

24. The Proxy fails to disclose the line items used to calculate Trillium's financial projections.

### Financial Analyses

25. The Proxy fails to disclose material information regarding the financial analyses conducted by Centerview Partners LLC ("Centerview"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

26. Regarding Centerview's Selected Public Company Analysis, the Proxy fails to disclose the individual multiples for the companies.

27. Regarding Centerview's Selected Precedent Transaction Analysis, the Proxy fails to disclose the individual multiples for the transactions.

28. Regarding Centerview's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the inputs and assumptions underlying the discount rates; (ii) the estimated future losses; and (iii) the number of fully diluted outstanding shares of common stock of Trillium.

29. Regarding Centerview's Analyst Price Target Analysis, the Proxy fails to disclose: (i) the price targets; and (ii) the sources of the price targets.

30. Regarding Centerview's Premiums Paid Analysis, the Proxy fails to disclose: (i) the transactions; and (ii) the premia paid in the transactions.

### COUNT I

**Claim Against the Individual Defendants and Trillium for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

31. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

33. Trillium is liable as the issuer of these statements.

34. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

35. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

37. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

38. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

39. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

40. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

41. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Trillium within the meaning of Section 20(a) of the Exchange Act as alleged herein.

43. Due to their positions as officers and/or directors of Trillium and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

46. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

47. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

48. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

49. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

50. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: October 15, 2021

GRABAR LAW OFFICE

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*

9